**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*ex rel.* VERITY INVESTIGATIONS, LLC,<br><br>*Plaintiff/Relator*,<br><br>v.<br><br>ILPEA INDUSTRIES, INC.,<br><br>*Defendant.* | Case No. 4:26-cv-00047-TWP-KMB |

**JOINT SUBMISSION REGADING NOVEMBER 19, 2026 DISCOVERY CONFERENCE**

Pursuant to Court's Order Rescheduling Telephonic Status Conference and Setting Discovery Conference (ECF 52), Plaintiff/Relator Verity Investigations LLC ("Verity") and Defendant ILPEA Industries, Inc. ("ILPEA" or "Defendant") provide this joint submission requested by the Court in advance of the November 19, 2026 Discovery Conference.

By email dated November 9, 2026, pursuant to the Court's Order Regarding Discovery Disputes (ECF 46), the Parties jointly requested a discovery conference with the Court to resolve two discovery disputes: (1) scope of production and (2) scope of protective order. A brief description of the nature of the matters in dispute is set forth below.

- **Scope of Production.** On September 23, 2026 and September 24, 2026 Verity served requests for production and interrogatories on Defendant ILPEA Industries, Inc. ("ILPEA) and a Subpoena for production of documents on ILPEA Parent, Inc. (collectively the "Discovery Requests"). On October 23, 2026 ILPEA and ILPEA Parent served responses and objections to the Discovery Requests agreeing to produce certain documents from

ILPEA but objecting to the production of other documents. The parties met and conferred on November 3, 2026 and have been unable to reach an agreement with respect to the scope of ILPEA's production. ILPEA's position is that discovery in this matter is inappropriate until the Court determines whether Verity is an appropriate relator. ILPEA views its motion to dismiss as challenging Verity's access to the claims it attempts to pursue and relatedly its access to discovery. If Verity is not an original source, in ILPEA's view, Verity should not be allowed to pursue discovery at all. Notwithstanding its position, ILPEA has answered Verity's interrogatories and has agreed (subject to entry of the protective order discussed below) to produce certain documents—principally, those relating to ILPEA's eligibility for the PPP loan it received—while the motion to dismiss remains pending. ILPEA believes this proposal strikes the appropriate balance between the parties' positions while the Court resolves whether Verity can pursue this matter. Relatedly, ILPEA has offered to take up discovery in phases. ILPEA believes that the parties should first address whether ILPEA was eligible for the PPP loan it received before addressing the other elements of an FCA claim, such as scienter, which involve more onerous discovery. Verity has not agreed to phased discovery. Verity contends that the information requested, which seeks information to test the assertions contained in the PPP loan application at issue, is relevant to the dispute and should be produced now without further delay.

- **Scope of Protective Order.** ILPEA contends that its production of documents is contingent on Verity agreeing, "in writing, through a provision in the protective order, that it will not use discovery materials to argue that the public disclosure bar does not apply in this case." ILPEA's concern stems from the fact that Verity has argued in response to ILPEA's motion to dismiss that other information Verity received from ILPEA in informal

discovery early on in this matter is not publicly available and therefore, Verity is an original source as a result of receiving such informal discovery. The parties met and conferred about this request on November 3, 2026 and have been unable to reach agreement. Verity agrees that it will not seek to reopen ILPEA's pending motion to dismiss to supplement its opposition with any material produced in discovery, but is unable to agree, preemptively, at this early stage in this litigation to a blanket bar of using anything produced in discovery to argue that the public disclosure bar does not apply.

Dated: November 16, 2026

Respectfully submitted,

By: */s/ Steven M. Shepard*

Steven M. Shepard (*pro hac vice*)
Caroline Pignatelli (*pro hac vice*)
Meredith R. Harrison (*pro hac vice*)
**SUSMAN GODFREY L.L.P.**
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
sshepard@susmangodfrey.com
cpignatelli@susmangodfrey.com

1000 Louisiana, Suite 5100
Houston, Texas 77002
Telephone: (713) 650-4339
mharrison@susmangodfrey.com

Joseph A. Bilby
**BILBY LAW PLLC**
106 Progress Drive
Frankfort, KY 40601
Telephone: (502) 409-1778 joe@bilbylaw.com

*Attorneys for Relator Verity Investigations, LLC*

*/s/ Daniel G. Murphy*
Daniel G. Murphy *(Pro Hac Vice)*
Jori P. LaRosa (*Pro Hac Vice)*
**Reinhart Boerner Van Deuren s.c.**
1000 North Water Street, Suite 1700
Milwaukee, WI 53202
Telephone: (414) 298-1000
E-mail: dmurphy@reinhartlaw.com
E-mail: jlarosa@reinhartlaw.com

*Attorneys for Defendant ILPEA Industries, Inc.*